IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
September 19, 2017 Session

FILED

12/13/2017

Clerk of the
Appellate Courts

## STATE OF TENNESSEE v. MICHAEL LEE HOOPER

**Appeal from the Circuit Court for Blount County**
**No. C-14211     David R. Duggan, Judge**

_____

### No. E2016-02538-CCA-R3-CD

_____

The Defendant, Michael Lee Hooper, stipulated that he violated the terms of his probation by being arrested for possession of a Schedule II substance with the intent to sell or deliver it and for maintaining a dwelling for controlled substance use or sales, for stopping payment of his court costs, and for testing positive for cocaine. The trial court found that the Defendant had violated the terms of his probation and ordered that he serve his sentence in confinement. On appeal, the Defendant contends that the trial court erred when it sentenced him to serve his sentence because this was his first violation in thirteen years of probation. After review, we affirm the trial court's judgment.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and TIMOTHY L. EASTER, JJ., joined.

Robert W. White, Maryville, Tennessee, for the appellant, Michael Lee Hooper.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Matthew L. Dunn, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION
### I. Facts

This case arises from the Defendant's drug-related convictions in 2003. On June 30, 2003, the Defendant was convicted of possession of a Schedule II controlled with the intent to sell or deliver, possession of a Schedule VI controlled substance with the intent to sell or deliver, possession of a Schedule IV controlled substance with intent to sell or deliver, and possession of drug paraphernalia. The trial court placed the Defendant on probation for two consecutive eight-year terms. The first eight-year term expired on June

30, 2011, and the second eight-year term began. On March 22, 2016, almost thirteen years after his probation began, the Defendant's probation officer filed a probation violation warrant. The warrant alleged that the Defendant had failed to obey the law by being arrested for possession of a Schedule II controlled substance for resale within 1000 feet of a drug-free school zone and for maintaining a dwelling for controlled substance sales or use. The warrant further alleged that the Defendant had tested positive for cocaine on March 11, 2016 and that he had failed to pay court costs totaling $2,519.00.

At the hearing on the probation violation, the Defendant stipulated to all of the grounds for a material violation. Nathan Payne, an officer with the Blount County Sheriff's Office, testified that he went to the Defendant's residence and executed a search warrant, a result of which he found 2.6 grams of crack cocaine, a small amount of marijuana, and drug paraphernalia. During the search, officers also found almost $1,188.00, $1,000.00 of which was in the Defendant's wallet. In the Defendant's bedroom, officers found digital scales, sandwich bags, copper screening, corner baggies of cocaine, marijuana in a corner baggie, and a metal crack pipe. Officer Payne said that his investigation revealed that the Defendant was unemployed at the time of his arrest. The Defendant also told officers that multiple people came to his home often to use illegal narcotics. Officer Payne said that the Defendant's home was within 1000 feet of a daycare center.

During cross-examination, Officer Payne testified that he was unsure whether the Defendant was receiving disability benefits at the time of his arrest. He also was unsure whether the Defendant was renting out a room in his house and receiving payments from another individual.

Robert McGill, the Defendant's probation officer, testified that the Defendant violated his probation by being arrested for possession of a schedule II narcotic for resale within 1,000 feet of a drug-free zone and for maintaining a residence for controlled substance use or sales. The Defendant further violated his probation by testing positive for cocaine on March 11, 2016, and failing to pay his court costs, totaling $2,519. Mr. McGill said that the Defendant signed a form admitting to cocaine use after the March 2016 drug screen.

During cross-examination, Mr. McGill testified that he had not actually met with the Defendant because he had recently gained the Defendant as a supervisee after the Defendant's last probation officer retired. Mr. McGill agreed that his office began supervising the Defendant in August 2007 and that the Defendant had not violated his probation until March 22, 2016. Mr. McGill agreed that his file indicated that the Defendant began receiving disability benefits in October 2014.

During redirect examination, Mr. McGill testified that the Defendant was paroled in 2007 but that, at that time, there was a federal detainer against him. The federal detainer expired May 18, 2009, and Mr. McGill's office began supervising him that same day.

The Defendant testified that he was 58 years old at the time of the hearing. He said that he served in the Navy from 1978 to 1984 and had been honorably discharged. He remained at his last duty station until returning home to Tennessee in 1989. Upon his return home, he worked with his father trucking boats. He also worked as a sheet metal fabricator and a robotic welder before being found disabled in 2014 based on a low platelet count.

The Defendant said that he purchased a home in October 2013, shortly before being laid off by his employer. The Defendant said that he was arrested in this case in February 2016 and that he was smoking crack cocaine at the time of his arrest. He explained that he had gotten behind on his mortgage payments, so he resumed his drug use. He said that he began using cocaine "daily."

The Defendant said he had never participated in a drug rehabilitation program and that, if released, he would attend such a program. If released, he would begin living with his father.

During cross-examination, the Defendant agreed that he had been charged with possession of cocaine for resale, which was the same offense for which he was on probation. The Defendant agreed that he was charged with possession of cocaine on December 28, 2001, and that while he was out on bond in June 2002, police officers executed a search warrant on his home. They found cocaine and several guns in his home. The Defendant said he pled guilty to both cocaine charges. He was then convicted in federal court on gun charges. The Defendant said that, while he was incarcerated in both the state and federal prisons, he had been offered drug treatment but he had also been offered drugs.

Based upon this evidence, the trial court found:

The Defendant has stipulated that he has engaged in a material violation of the terms of his probation based upon failing to obey the law as evidenced by being arrested and charged with possession of a schedule two for resale within 1,000 feet of a drug-free zone and maintaining a dwelling for controlled substance sales or use, using controlled substances as evidenced by testing positive for cocaine on March 11, 2016, and failing to pay his court costs. Now, I note that he's not been found guilty of possession of a

3

schedule two for resale in a drug-free zone or maintaining a dwelling, but he has stipulated for purposes of the hearing today that he's engaged in a material violation. And so the Court does not have to find that. It has been stipulated to. So, the issue is disposition based on this material violation.

The Court certainly agrees with what the Defense has argued, that it's not that [the Defendant] has done everything wrong. He's done some things right. He had -- in terms of these records, these court files, he had a substantial period of compliance with probation and was employed until he went on disability and paid court costs until he went on disability. So, he did some things right, based on this record. What concerns the Court is that Exhibit 1 suggests -- and, again, I understand that he hasn't been found guilty. He's just stipulated to being arrested and charged at this point. But the State could have put its case on today with the standard of preponderance of the evidence, which was not necessary because of the stipulation. I think I can look to, for example, Exhibit 1, the inventory of items found in conjunction with the search warrant. And while some of this could be for personal use -- and for purposes of today's hearing, I'll even give him the benefit of the doubt on the U.S. currency. It could have come from drug sales, but it could have come from disability payments and rent payments. I'll give him the benefit of the doubt on that today, because I don't know otherwise. But while some of these items could have been used for personal use, some of these items indicate possession with intent to sell or deliver, including the sandwich bags, the digital scales, the empty corner baggies, the three corner baggies that contain cocaine, the corner baggie containing marijuana, the second set of digital scales. All of that is indicia of possession with intent to sell or deliver, which is of course what the Defendant pled guilty on June 30, 2003, in case 14211, possession of cocaine with intent to sell or deliver for which he received an eight-year sentence consecutive to his sentences in cases 14209 and 14210. In other words, it's indicia that he's continuing to do what he pled guilty to in 2003.

Based upon this proof, the Court is going to revoke [the Defendant] to serve. I am going to give him, of course, all credit that he's entitled to, which would be from March 30, 2016 through today, November 21, 2016.

It is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant contends that the trial court erred when it sentenced him

to serve his sentence because this was his first violation in thirteen years of probation because he spent more than a decade on probation without a violation. The State counters that the Defendant is not entitled to relief because he stipulated to violating the terms of his probation and because the record supports the trial court's decision to revoke his probation and order him to serve his sentence. We agree with the State.

A trial court's authority to revoke a suspended sentence is derived from Tennessee Code Annotated section 40-35-310 (2014), which provides that the trial court possesses the power "at any time within the maximum time which was directed and ordered by the court for such suspension, . . . to revoke . . . such suspension" and cause the original judgment to be put into effect. A trial court may revoke probation upon its finding by a preponderance of the evidence that a violation of the conditions of probation has occurred. T.C.A. § 40-35-311(e) (2014). "In probation revocation hearings, the credibility of witnesses is to be determined by the trial judge." *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). If a trial court revokes a defendant's probation, options include ordering confinement, ordering the sentence into execution as originally entered, returning the defendant to probation on modified conditions as appropriate, or extending the defendant's period of probation by up to two years. T.C.A. §§ 40-35-308(a), (c), -310 (2014); *see State v. Hunter*, 1 S.W.3d 643, 648 (Tenn. 1999).

The judgment of the trial court in a revocation proceeding will not be disturbed on appeal unless there has been an abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Smith*, 909 S.W.2d 471, 473 (Tenn. Crim. App. 1995). In order for this Court to find an abuse of discretion, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Shaffer*, 45 S.W.3d at 554. Further, a finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" *Id.* at 555 (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)).

In this case, the Defendant admits that he violated his probation but suggests that the trial court erred when it ordered him to serve his sentence in confinement. "The determination of the proper consequence of a probation violation embodies a separate exercise of discretion." *State v. Devon Alvon Wilson*, No. M2017-00248-CCA-R3-CD, 2017 WL 2954689, at *2 (Tenn. Crim. App., at Knoxville, July 11, 2017) (citing *State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007), *no Tenn. R. App. P. 11 application filed*; *see also Hunter*, 1 S.W.3d at 647. Case law establishes that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." *State v. Jeffrey A. Warfield*, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App., at Nashville, Feb. 10, 1999), *perm. app. denied* (Tenn. June 28, 1999).

The record clearly reflects that the Defendant violated the terms of his probation. The Defendant failed to comply with the requirements of his probation by not going to failing a drug screen and by being charged with new offenses. The trial court acted within its authority when it ordered the incarceration of the Defendant for the remainder of the original sentence.

### III. Conclusion

In accordance with the foregoing reasoning and authorities, we affirm the judgment of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE